## HULL *v.* NORRIS, EXR., ET AL.

*Res adjudicata — Former judgment conclusive — New questions barred — Ancient document — Statute of limitations.*

When a matter has been finally determined by a competent tribunal in an action on the same claim and between the same parties, the judgment becomes conclusive and is a bar to the litigation of new questions which might have been presented in the first instance.

(Decided April 1, 1918.)

APPEAL:   Court of Appeals for Licking county.

*Messrs. ·McDonald & Slabaugh* and *Messrs. Kibler & Kibler,* for plaintiff.

*Messrs. Jones & Jones; Mr. Carl Norpell* and *Mr. A. T. Seymour,* for defendants.

HOUCK, J.   This case is in this court on appeal from the common pleas court of Licking county, Ohio.

The pleadings are quite lengthy, and present a number of questions of fact and law for determination, but counsel in oral argument agreed that the case be submitted upon only two questions, namely:

First, upon the claim relied upon by plaintiff, that the paper writing in question and the allegations of the petition state a cause of action upon a continuing and subsisting trust.

Second, the defendants deny the claim of plaintiff, and as affirmative defenses say that the cause of action of plaintiff, if he ever had one, is barred by the statute of limitations; and they further plead *res adjudicata.*

We have given the case careful consideration, and have been interested in reading the pleadings and the testimony as contained in the typewritten transcript, and in examining the able briefs submitted by learned counsel.

The questions before us are new and somewhat novel when applied to the writing in question and the peculiar facts involved in this controversy.

The basis of the action is the following paper writing:

"Received of Eli Hull, Esq., on the 7th day of August, A. D. 1873, three thousand dollars, to be returned to him, with interest from that date at the rate of twelve per cent. per annum out of the first receipts from sale of lands bought by us from Messrs. Coe, Pherson and others, in Athens county, Ohio, after we are reimbursed for advances in its payment.

"$3000.

"(Signed)      BUCKINGHAM & WRIGHT."

The following endorsement appears upon the back of said paper writing:

"One thousand dollars of the within three thousand dollars I owe to James L. Birkley for that sum belonging to him.

"Sept. 5, 1873.      (Signed)      ELI HULL."

The plaintiff here, on June 14, 1904, brought suit in the common pleas court of Licking county against the same parties defendant in this case, founded upon the same paper writing. The suit

finally reached the supreme court, where judgment was rendered against said Eli Hull. (See *Wright et al.* v. *Hull,* 83 Ohio St., 385.) As we construe this paper writing, being the foundation upon which plaintiff seeks to recover, and the allegations of fact as set forth in the petition relative to same, we must and do find that they are not sufficient in fact and law to constitute a cause of action based upon a continuing and subsisting trust. We therefore find that the plaintiff's claim in this regard is not well taken.

We are next led to inquire as to the force and effect in law of the alleged defenses of the defendants. We are fully convinced that the judgment in the case of *Wright et al.* v. *Hull, supra,* is decisive of all the issues raised in the present action. In that case, at page 399, Judge Davis, speaking for the court, says:

"We therefore are warranted in holding that this paper writing purports to be an agreement to pay within a reasonable time. It has no date, but from what appears on its face and in the endorsement on the back thereof, its date may be assumed to be some time prior to September 5, 1873; and in the absence of any evidence of rebutting circumstances, we may safely say that ten years, and even less, was a reasonable time within which the obligors should pay this claim of three thousand dollars and interest. Hence, the statute of limitations, as well as the presumption of payment in twenty years, would begin to run ten years from the time of the execution of the instrument. That is to say, that this paper, the foundation of the

plaintiff's action, would be actually barred by the statute of limitations in twenty-five years from its execution, and the presumption of payment at common law and in equity would be complete in thirty years from its execution, unless it be shown by evidence that a reasonable time for payment would be much longer than we have fixed it."

We hold that the plaintiff has already had his day in court as to all of the issues raised or that might have been raised in the instant case, and, if he neglected and failed to present them in his former suit growing out of the same subject-matter as this case, it is now too late for him to complain. The rule of law in Ohio is well settled that when a matter has been finally determined in an action between the same parties, by a competent tribunal, the judgment is conclusive, not only as to what was determined but also as to further questions which might properly have been litigated in the case.

We do not deem it necessary to discuss the facts or law in this case at further length, and it necessarily follows from what we have already said that we are of the opinion that the plaintiff is not entitled to the relief prayed for in his petition. Judgment is here entered for the defendants, and the plaintiff's petition is dismissed at his costs.

*Petition dismissed, and judgment for defendants.*

POWELL and SHIELDS, JJ., concur.